IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN FRIEDMAN, )
) 2:09-cv-02742-GEB-CMK
        Plaintiff, )
) <u>ORDER RE: SETTLEMENT</u>
    v. ) <u>AND DISPOSITION</u>
)
LEADING EDGE RECOVERY SOLUTIONS, )
LLC, )
        Defendant. )
)

          On November 17, 2009, Plaintiff filed a Notice of Settlement in which Plaintiff states the parties have settled the case, and "Plaintiff anticipates the settlement will be finalized in 40 days."  Therefore, a dispositional document shall be filed no later than December 28, 2009.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

          The status conference scheduled for February 16, 2010 at 9:00 a.m. will remain scheduled, in the event that no dispositional document is filed, or if this action is not otherwise dismissed.

1

1 | Further, a joint status report shall be filed fourteen days prior to
2 | the status conference.[1]
3 |      IT IS SO ORDERED.
4 | Dated: November 20, 2009

                           GARLAND E. BURRELL, JR.
                           United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).